# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARL HOOTEN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GREGGO AND FERRARA COMPANY, | : | No. 10-776 |
| Defendant. | : | |

## MEMORANDUM

**Schiller, J.**  May 9, 2011

Pro se Plaintiff Carl Hooten commenced this Title VII action on September 13, 2010. He has since filed a number of motions, including the Motion to Strike Defendant's Response to Judgment on the Pleadings and the Motion to Set Aside Order on Motion for Summary Judgment before the Court. Defendant Greggo and Ferrara Company's response includes a request that the Court award the costs and fees it may incur in responding to further frivolous motions. For the reasons stated below, the Court will deny Hooten's motions and will also deny Defendant's request for sanctions without prejudice.

## I. BACKGROUND

Greggo and Ferrara Company fired Hooten and co-worker Ronald Krouse for stealing scrap wire from a company job site. (Second Am. Compl. 1.) Hooten is African-American; Krouse is white. (*Id*. at 2.) The company rehired Krouse, but not Hooten. (*Id*.) This alleged disparate treatment is the basis of Hooten's Title VII claim. (*Id*.) Hooten's Second Amended Complaint also references other federal and state-law causes of action arising from alleged violations of Hooten's Fifth and Fourteenth Amendment rights. (*Id*. at 2-3.)

Hooten has filed a number of motions. He filed a motion for summary judgment on February 17, 2011, a week before he filed his Second Amended Complaint. The Court denied this motion as moot. Hooten then filed a motion for judgment on the pleadings asserting that Defendant had not responded to his summary judgment motion or complaints. The Court denied this motion because Defendant had, in fact, answered Hooten's complaints and responded to his motion.

## II. STANDARD OF REVIEW

Hooten moves for reconsideration of this Court's Order denying his motion for judgment on the pleadings under Federal Rule of Civil Procedure 60. Rule 60 only applies to a final judgment, order or proceeding. Fed. R. Civ. Pro. 60(b); *see also Magnum Feeders, Inc. v. Bloedorn*, Civ. A. No. 95-2012, 1998 WL 427614, at *1 (N.D. Ill. July 24, 1998). However, courts enjoy inherent power to reconsider interlocutory orders in the interests of justice. *Cohen v. Prudential Ins. Co.*, Civ. A. No. 08-5319, 2010 WL 1257659, at *3 (E.D. Pa. Mar. 25, 2010). The Court will interpret Hooten's motion as such a request for reconsideration and evaluate it accordingly; Hooten must identify a manifest error of law or fact, newly available evidence, or an intervening change in the controlling law to demonstrate that reconsideration is warranted. *See id*. (citing *Progressive Cas. Ins. Co. v. PNC Bank, N.A.*, 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999)).

## III. DISCUSSION

### A. Hooten's Pending Motions

Hooten asserts that the Court erred by allowing Defendant to use an arbitration record as an answer to his pleadings. Specifically, Hooten contends that this document cannot serve as evidence

in this case under Federal Rule of Evidence 408. (Mot. to Set Aside the Order 1-2.) Hooten also states that the Court incorrectly relied on *Rosenau v. Unifund Corp.*, 539 F.3d 128 (3d Cir. 2008), in denying his motion for judgment on the pleadings.

Hooten's arguments lack any legal or factual basis. The Court did not refer to or rely upon the arbitration record Hooten cites in denying any of his motions. Hooten also misinterprets the Court's use of *Rosenau*, which it cited only for the proposition that judgment on the pleadings is appropriate when the movant demonstrates the absence of any material issue of fact and entitlement to judgment as a matter of law. The Court will therefore deny Hooten's request for reconsideration.

Hooten has also moved to strike Defendant's response to his motion for judgment on the pleadings. The Court has previously denied Hooten's motion for judgment on the pleadings. Hooten's motion to strike Defendant's response will therefore be denied as moot.

**B.     Defendant's Request for Fees and Costs**

Defendant has requested that the Court enter an order requiring Hooten to pay for its costs and attorneys' fees "resulting from the filing of any additional motions or court papers that lack a legal or factual basis for relief." (Def.'s Resp. to Pl.'s Mot. to Strike and Mot. for Costs and Attorneys' Fees ¶ 12.) The Court declines to issue such an order at this time.

However, the Court cautions Hooten that it is within its power to issue such an order. *See Cooley v. Merski*, Civ. A. No. 07-208, 2008 WL 2641272, at *7 (W.D. Pa. June 30, 2008); *see also Whitehead v. Paramount Pictures Corp.*, 145 F. Supp. 2d 3, 4-6 (D.D.C. 2001). Though Hooten enjoys some latitude because he is proceeding without counsel, he may not file frivolous motions. *See Young v. Young*, Civ. A. No. 08-681, 2009 WL 1106747, at *3 (W.D. Pa. Apr. 23, 2009). Sanctions for continued abuse of the litigation process may include an award of Defendant's

attorneys' fees and costs. *See Talley v. Atlantic City*, Civ. A. No. 04-1146, 2007 WL 2021792, at *6 (D.N.J. July 10, 2007) (awarding defendants fees and costs where pro se plaintiff repeatedly filed frivolous motions).

**IV.     CONCLUSION**

There is no basis for the Court to reconsider its previous decision denying Hooten's motion for judgment on the pleadings. Hooten's motion to strike Defendant's response to his already-denied motion for judgment on the pleadings will be denied as moot. The Court will also deny Defendant's request for fees and costs at this time. An Order consistent with this Memorandum will be docketed separately.