IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARL HOOTEN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-776-RGA |
| GREGGO AND FERRARA COMPANY, | : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington this 18th day of September, 2013, having considered Plaintiff's motions to set aside the order, amend complaint and request to reopen EEOC's mishandling of investigation of Plaintiff's discrimination claim against Defendant (D.I. 69, 71);

IT IS ORDERED that the motions (D.I. 69, 71) are DENIED, for the following reasons:

On October 3, 2012, the Court entered an order (D.I. 63) that granted Defendant's motion for summary judgment (D.I. 49), and judgment (D.I. 64) was entered in favor of Defendant and against Plaintiff. Plaintiff filed a motion for judgment as a matter of law and to set aside the order (D.I. 65), denied on November 2, 2012 (D.I. 67). The order stated, "if it were considered to be a motion for reconsideration, it would also be denied." (*Id.*) On August 14, 2013 and September 10, 2013, Plaintiff filed the motions now before the court.

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

Plaintiff does not indicate under which section of Rule 60(b) he relies. To the extent Plaintiff relies upon Rule 60(b)(1), the Third Circuit has not yet decided whether legal error may be characterized as "mistake" within the meaning of Rule 60(b)(1). *Bernheim v. Jacobs*, 144 F. App'x 218, 221, 223 (3d Cir. 2005). Nonetheless, legal error, without more, cannot justify granting a Rule 60(b) motion. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (citations omitted). Accordingly, relief is not appropriate under Rule 60(b)(1).

Relief is also not appropriate under Rule 60(b)(6). Rule 60(b)(6) "is a catch-all provision that allows relief for 'any other reason justifying relief from the operation of the judgment.'" *United States v. Witco Corp.*, 76 F.Supp.2d 519, 527 (D. Del. 1999). The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of

2

exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and quotations omitted). Rule 60(b)(6) generally requires the movant to make "a more compelling showing of inequity or hardship" than would normally be required to reopen a case under any one of the first five subsections of Rule 60(b). *Project Mgmt. Inst., Inc. v. Ireland*, 144 F. App'x 935, 937 n.1 (3d Cir. 2005). The court thoroughly reviewed the record and the law before granting Defendant's motion for summary judgment. Plaintiff fails to establish any basis for relief under Rule 60(b)(6). The other subsections of Rule 60(b) are inapplicable.

Therefore, the Court will deny Plaintiff's motions. Plaintiff is place on notice that future motions pursuant to Fed. R. Civ. P. 60(b) or to reopen the case will be docketed, but not considered.

_____
UNITED STATES DISTRICT JUDGE